UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

BIBHU LLC,

Debtor.

NOT FOR PUBLICATION

Case No. 17-10042
Chapter 11

# MEMORANDUM OPINION AND ORDER DENYING APPLICATION FOR RULE 2004 DISCOVERY

Pending before the Court is the *Application for an Order Pursuant to Bankruptcy Rule 2004 for Examination of the Debtor by Testimony of Robert Beard and Bibhu Mohapatra, and of Their LLC, Fly Art* ("Application," ECF Doc. # 118), filed by Alicia Vergara ("Vergara"). The Application is supported by the *Declaration of Raymond A. Levites* (ECF Doc. # 118-1).

Bibhu Mohapatra ("Mohapatra") and Robert Beard ("Beard") filed an objection to the Application. ("Beard Objection," ECF Doc. # 120.) Through non-debtor Fly Art LLC ("Fly Art"), Mohapatra and Beard indirectly own 54.68% of the equity of the debtor Bibhu LLC ("Debtor"). The Chapter 11 Trustee of the Debtor, Yann Geron, also filed an objection to the Application. ("Geron Objection," ECF Doc. # 122.) Vergara filed a reply in support of the Rule 2004 Application. ("Reply," ECF Doc. # 123.)

For the reasons set forth below, the Application for Rule 2004 discovery is **DENIED**.

## I. BACKGROUND

### A. Case Background

On January 10, 2017, the Debtor commenced its chapter 11 case. On March 28, 2018, the Court entered an order directing the appointment of a Chapter 11 Trustee, and on April 9, 2018, the Court approved the appointment of Yann Geron as Chapter 11 Trustee. On October 16, 2018, Geron moved for an order authorizing him to conduct a Rule 2004 examination of, and

production of documents from, Bank of America, N.A., JP Morgan Chase Bank, N.A., and TD Bank, N.A. (ECF Doc. # 113.)

### B.    The Rule 2004 Application

Vergara seeks an order authorizing extensive Rule 2004 discovery, including examination of witnesses and document production, from the Debtor (documents only), Beard, Mohapatra, and Fly Art. *See* Application at 3–4.

### C.    The Beard Objection

Mohapatra and Beard argue that Vergara has failed to establish good cause for the Rule 2004 examination of Mohapatra and Beard. (Beard Objection at 6.) Mohapatra and Beard contend that it is not clear what "claim" the applicant is seeking to establish by means of the proposed examination. (*Id.* at 6–7.) During the argument on the Application, Vergara's attorney said that the state court claims against Mohapatra and Beard include fraud.

### D.    The Geron Objection

Geron first notes that the Debtor's estate is small and has very limited funds. (Geron Objection at 2.) Substantially all of the Debtors' assets have already been sold in a section 363(b) sale for $85,000. (ECF Doc. # 90, Ex. A (Asset Purchase Agreement).) Geron characterizes the Application as "efforts of one creditor who is seeking to prosecute non-estate claims against third parties outside of this bankruptcy case and whose efforts will bring no benefit to this estate." (Geron Objection at 2.) Furthermore, Geron contends that Vergara improperly seeks discovery in the bankruptcy case for use in the pending state court civil litigation against the Mohapatra, Beard and Fly Art.[1] (*Id.*) This, Geron argues, provides a

---

[1] The Debtor was also named as a defendant in the state court action, but the action against the Debtor remains stayed. Vergara has filed an unsecured claim in the bankruptcy case based on a promissory note for $270,577.71. (Claim No. 21-1.)

2

sufficient basis for denying the Application. (*Id.*) In addition, Geron asserts that the Application duplicates his efforts in investigating the Debtor's financial affairs and in pursuing recovery for the creditors. (*Id.* at 3.) Thus, Geron objects to the Application to the extent that it duplicates his ongoing investigative efforts. (*Id.* at 4.) Further, Geron objects to any request for the turnover of privileged material. (*Id.*)

## II. LEGAL STANDARD

Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). The examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . . ." FED. R. BANKR. P. 2004(b). "The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial." FED. R. BANKR. P. 2004(c).

"The purpose of a Rule 2004 examination is to 'discover the nature and extent of the bankruptcy estate in order to distribute the debtor's assets for the benefit of its creditors.'" *In re Millennium Lab Holdings, II, LLC,* 2016 WL 7048599, at *8 (Bankr. D. Del. Dec. 2, 2016) (citation and internal quotation marks omitted); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("As a general proposition, Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred'") (citations omitted).

In granting a Rule 2004 examination request, the Court is required to make a finding of good cause for the examination. *In re Metiom, Inc.,* 318 B.R. 263, 268 (S.D.N.Y. 2004). In

3

addition, the court must weigh the relevance of the discovery against the burden it will impose on the producing party. *In re Coffee Cupboard*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) ("Rule 2004 requires that we balance the compelling interests of the parties, weighing the relevance of and necessity of the information sought by examination."); *see also In re Texaco*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) ("[T]he examination should not be so broad as to be more disruptive and costly to the [producing party] than beneficial to the [requesting party].") The court's determination is reviewed for abuse of discretion. *Enron,* 281 B.R. at 840.

Once an adversary proceeding, or state court law suit as here, has been commenced, Rule 2004 discovery is usually not the appropriate means to obtain discovery. *See Enron*, 281 B.R. at 840 ("Courts have imposed limits on the use of Rule 2004 examinations . . . under the well-recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004."). Courts have found cause for concern "where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee." *Id.* at 842 (collecting cases). The use of a Rule 2004 examination to further litigation of a case in state court has been characterized as an "abuse" of the rule. *Snyder v. Soc'y Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994), *aff'd sub nom. In re Snyder*, 52 F.3d 1067 (5th Cir. 1995); *see also In re Bennett Funding Grp, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("[C]ourts are wary of attempts to utilize FED. R. BANKR. P. 2004 to avoid the restrictions of the FED. R. CIV. P. in the context of adversary proceedings.").

### III. DISCUSSION

Vergara's Application does not fulfill the purpose of a Rule 2004 examination. It does not seek to "discover the nature and extent of the bankruptcy estate in order to distribute the debtor's assets for the benefit of its creditors." *Millennium*, 2016 WL 7048599, at *8. Vergara's

unsecured claim in the bankruptcy case is based on a promissory note. It is only in the state court action against Beard, Mohapatra, and Fly Art that the more-difficult-to-prove fraud claim is alleged. Vergara is seeking Rule 2004 discovery for the improper purpose of obtaining discovery for the pending state court civil litigation.

During the hearing, it appeared that Vergara's counsel is solely seeking document production from Geron. Vergara's counsel stated that he is primarily seeking accounting records relating to the Debtor. The Court directed Geron's and Vergara's counsel to meet and confer in an effort to agree on limited document discovery from the Debtor. Despite the automatic stay, a chapter 11 debtor is not exempt from discovery obligations in third-party lawsuits, although shifting the cost of discovery to the party seeking discovery may be appropriate. *See In re Residential Capital, LLC*, 480 B.R. 529 (Bankr. S.D.N.Y. 2012).

Vergara's counsel indicated that the state court judge was reluctant to permit the state court action to move forward against the non-debtor defendants while the bankruptcy case is pending. While the state court action remains stayed against Bibhu LLC, there is no reason under the circumstances here that the action should not move forward against the other defendants. Quite clearly, the automatic stay does not apply to Beard, Mohapatra, and Fly Art. To the extent that discovery is required from the Debtor in connection with the state court action and counsel for Geron and defendants in the state court action cannot resolve a dispute on appropriate discovery from the Debtor, the Court's opinion in *Residential Capital,* 480 B.R. 529, explains a path forward.

## IV. CONCLUSION

For the reasons explained above, the Application to take Rule 2004 discovery is

**DENIED.**

    **IT IS SO ORDERED.**

Dated:   January 10, 2019
           New York, New York

                             ___*Martin Glenn*___
                               MARTIN GLENN
                      United States Bankruptcy Judge